C. O. CHAPMAN *et al.* v. J. F. TALLANT.

1. PETITION, *Held Sufficient.*   The petition in this case examined,
   and *held* to be sufficient against a general demurrer.

2. PLEADINGS, *Erroneous Judgment on.*   Where the record in a
   case discloses that the separate answers of two defendants each
   presented an issue of fact, a ruling of the court directing the jury
   to render a verdict for the plaintiff upon the pleadings, and the
   action of the court in entering judgment for the plaintiff upon a
   verdict so rendered, is error where it appears from the record that
   the only ground for such verdict and judgment was the state of
   the pleadings in the case.

MEMORANDUM.—Error from Finney district court; A. J. ABBOTT, judge. Action by J. F. Tallant against C. O. Chapman and H. P. Myton on a promissory note. Judgment for plaintiff. Defendants bring the case to this court. Reversed. The material facts are stated in the opinion herein, filed October 23, 1895.

*A. J. Hoskinson*, and *M. A. Calhoun*, for plaintiffs in error.

*B. W. Lemert*, and *Milton Brown*, for defendant in error.

The opinion of the court was delivered by

COLE, J.: J. F. Tallant brought his action in the district court of Finney county against C. O. Chapman and H. P. Myton upon a certain promissory note; the former being sued as principal, and the latter as indorser of said note. The petition, as finally amended, and upon which trial was had, alleged the execution of the note and the specific manner in which notice of non-payment was claimed, to have been made upon Myton as such indorser. The defendant, Myton, interposed a general demurrer to said petition, the overruling of which is assigned as the first error in the case. The demurrer was promptly overruled. The petition in this case upon which the action was heard was certainly sufficient as against a demurrer. After the overruling of said demurrer, the defendant, Myton, filed his verified answer, which consisted of a general denial of each and every allegation in the petition, excepting that he signed the note sued upon upon the back thereof, as alleged in the petition. The defendant, Chapman, filed an unverified answer consisting of a general denial and of a special plea to the jurisdiction of the court, upon the ground that he was a non-

resident of Finney county, Kansas, and was served with summons in Kearny county, and that none of the parties liable to an action on said note resided in Finney county, Kansas, at the time the action was commenced, and that none of the parties liable on said note was ever summoned in Finney county.

When this cause was called for trial a jury was impaneled to try the same, whereupon, as the record discloses, counsel for plaintiff and defendants stated their case to the jury, at which point a motion was made by plaintiff that the court direct the jury to return a verdict for plaintiff upon the pleadings and without the introduction of any evidence, and the court sustained such motion, and the jury returned a verdict for the plaintiff. This ruling of the court is assigned as the second error and we are of. the opinion that the position of the plaintiffs in error is correct. The answer of Myton tendered an issue upon every fact in the petition, with the single exception of the one that he signed his name upon the back of the note. The answer of Chapman also tenders an issue which demanded the introduction of evidence either before the court or jury, and therefore the sustaining of a motion for judgment upon the pleadings was material error. It is contended by counsel for defendant in error that the action of the court was based upon the statement of the counsel for plaintiffs in error to the jury, and not alone upon the pleadings, and that this appears from the bill of exceptions filed in this case; but the record does not disclose this fact, and we must look to the record alone in this case to determine what was actually done in the trial court. While it is true that the record does show that the motion was made and sustained after the statements of counsel to the jury, yet, in both the journal entry of the proceedings ' had at

51—APP.

Chapman v. Tallant.

that time and in the bill of exceptions filed in this case, it plainly appears that a specific reason was urged to the court why a verdict and judgment should be given to the defendant in error, and that reason was, that such verdict and judgment were justified by the pleadings in the case; and nowhere does it appear, even by inference, that the statements by counsel to the jury formed any part of the reason for which this verdict and judgment were given to the defendant in error.

The judgment of the district court must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

All the Judges concurring.